ROCHELLE IBARROLA, on behalf of
herself and all others similarly situated,

        Plaintiff,                         CASE NO.:  3:13-cv-50377

v.                                       **CLASS ACTION COMPLAINT**

KIND, LLC,                           **JURY TRIAL DEMANDED**

        Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, Rochelle Ibarrola, by and through undersigned counsel, on behalf of herself and all others similarly situated, sues Defendant Kind, LLC, and for her Class Action Complaint alleges, upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys, as follows:

## NATURE OF THE ACTION

1.     Kind is a food manufacturer that distributes, sells, and markets various products targeted at health conscious consumers.  Kind sells its products directly through its company website, unaffiliated online distributors, and various "brick and mortar" retailers throughout the State of Illinois and the United States.

2.     Plaintiff purchased Kind Healthy Grains Vanilla Blueberry Clusters with Flax Seeds ("Product") on at least two separate occasions.  First, Plaintiff purchased the Product at the Lincoln Park Whole Foods located at 1550 N. Kingsbury Street, Chicago, IL 60642 on or about May 5, 2013.  Second, Plaintiff purchased the Product with the UPC Code 0265217185 at the

Armitage Shell Gas Station located at 1768 W. Armitage Ave., Chicago, IL 60622 on or about August 19, 2013. Prior to purchasing the Product, Plaintiff read the list of ingredients as well as the entire product label, and reasonably relied on them when making the decision to purchase the Product.

3. Defendant includes in the nutritional labeling of the Product the ingredient Evaporated Cane Juice, which was misleading to the Plaintiff and the Class Members because Evaporated Cane Juice is simply a sugar or syrup.

4. Defendant uses this exact misleading sales and labeling tactic for their products, including: (1) Kind Healthy Grains Vanilla Blueberry Clusters with Flax Seeds, (2) Kind Healthy Grains Maple Walnut Clusters with Chia & Quinoa, (3) Kind Healthy Grains Dark Chocolate & Cranberry Clusters, (4) Kind Healthy Grains Peanut Butter Whole Grain Clusters, (5) Kind Healthy Grains Oats & Honey Clusters with Toasted Coconut, and (6) Kind Healthy Grains Cinnamon Oat Clusters with Flax Seeds (collectively referred to as the "Products").

5. Plaintiff is a health-conscious consumer who was looking for a healthy nutritional snack at the time of purchase of the Product and was unaware that Evaporated Cane Juice was actually just a sugar or syrup. Plaintiff would not have purchased the Product but for the misleading statements made by Defendant.

6. Plaintiff did not know, and had no reason to know, that Defendant's Product was misbranded under the United States Food, Drug and Cosmetic Act 21 U.S.C §§ 301 *et seq*. and the Illinois Food, Drug and Cosmetic Act, 410 ILCS 620/ *et seq.* ("ILCS") and bore food labeling claims that failed to meet the requirements to make those food labeling claims. Similarly, Plaintiff did not know, and had no reason to know, that Defendant's Product was false and misleading.

7.      Defendants' conduct violates the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* ("ICFA"), which prohibits businesses from misrepresenting or concealing from a consumer any material fact about a product, with the intent that the consumer then rely upon that absence of information.  That is exactly what happened here, as Defendant made misleading and deceptive claims about the ingredients of the Products at the point of sale as well as through their labeling and online promotional materials.

8.      Accordingly, Plaintiff asserts claims on her own behalf and on behalf of the other members of the below-defined Classes for violations of ICFA, 815 ILCS 505/1 *et seq.*, plus additional claims under Illinois state common law.

## JURISDICTION AND VENUE

9.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).  In the aggregate, Plaintiff's claims and the claims of the other members of the Class exceed $5,000,000 exclusive of interest and costs, and there are numerous class members who are citizens of states other than those of the Defendant.

10.      This Court has personal jurisdiction over Defendant Kind because Kind conducts substantial business in the State of Illinois, has sufficient minimum contacts with the State of Illinois, and otherwise purposely avails itself of the markets in the State of Illinois through the promotion, sale, and marketing of its Products in this District.

11.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1301(a)(2), 1391(b)(2), and 1391(c)(2) as: a substantial part of the events and/or omissions giving rise to the claims emanated from activities within this District, and Defendant conducts substantial business in this District.

12.     Furthermore, as a result of Defendant's marketing and sale of its Products, either directly or indirectly through third parties or related entities, to purchasers throughout Illinois, including Plaintiff, Defendant obtained the benefits of the laws of Illinois and profited from Illinois commerce.

13.     Defendant conducted systematic and continuous business activities in and throughout the State of Illinois and otherwise intentionally availed itself of the markets of the State of Illinois through the promotion and marketing of its Products to consumers in Illinois, including Plaintiff.

## CHOICE OF LAW

### *The Substantive Law of Illinois Applies to the Claims of the National Class*

14.     Illinois' substantive laws apply to the proposed National Class, as set forth in this Complaint, because Plaintiff properly brings this action in this District.  A United States District Court sitting in diversity presumptively applies the substantive law of the state in which it sits. *Land v. Yamaha Motor Corp., U.S.A.*, 272 F. 3d 514, 516 (7th Cir. 2001).

15.     The Court may constitutionally apply Illinois' substantive laws to Plaintiff's claims and the claims of the National Class under the Due Process Clause of the Fourteenth Amendment, § 1, and the Full Faith and Credit Clause, Article IV, § 1, of the United States Constitution.  The claims asserted by Plaintiff contain significant contact, or a significant aggregation of contacts, to ensure an adequate state interest and supports the choice of Illinois state law as just and reasonable.

16.     Defendant conducts substantial business in Illinois, providing Illinois with an interest in regulating Defendant's conduct under Illinois laws. Defendant's decision to regularly conduct business in Illinois and avail itself of Illinois' laws render the application of Illinois law to the claims at hand constitutionally permissible.

17.     The injury to Plaintiff and to a significant number of members of the proposed Class by virtue of the conduct alleged, occurred in Illinois. Plaintiff Ibarrola resides in Illinois and purchased Defendant's Product in Illinois. A substantial number of the proposed Nationwide Class reside in Illinois and purchased Defendant's Products in Illinois.

18.     The application of Illinois law to the members of the proposed National Class is also appropriate under Illinois' choice-of-law rules, because Illinois has significant contacts with the claims of the Plaintiff and each of the members of the proposed National Class.

<strong><u>PARTIES</u></strong>

19.     Rochelle Ibarrola ("Ibarrola") is a natural person and citizen of Chicago, Cook County, Illinois.

20.     Kind, LLC is a Delaware Limited Liability Company headquartered at 8 West 38th Street, 6th Floor, New York, New York 10018. Kind is a manufacturer and distributor of whole nut and fruit bars and snacks targeted at health conscious consumers. The company was founded in 2004 and now sells its products throughout the United States and internationally.

<strong><u>FACTUAL BACKGROUND</u></strong>

***Defendant's Misleading "Evaporated Cane Juice" Claims***

21.     Plaintiff incorporates by reference Paragraphs 1-19 as though fully set forth herein.

22.     Defendant uses the following language for the Nutritional Info under Ingredients on not only the Product label, but also on their website www.kindsnacks.com:

> **Ingredients /** Whole grains (gluten free oats, brown rice, gluten free oat flour, buckwheat, amaranth, millet, quinoa), **evaporated cane juice**, flax seeds, chicory root fiber, canola oil, vanilla extract, molasses, blueberry puree, apple puree, plum puree, apple juice, glycerine, sea salt, Vitamin E (D-Alpha Tocopheryl Acetate), citrus fiber, citrus pectin.

23.     Defendant also uses the following misleading claims on the label of the Products and www.kindsnacks.com: "ingredients you can see & pronounce" and on Defendant's website they follow this claim with "No secret ingredients…"

23.     The Products contain an unlawful "evaporated cane juice" claim.

24.     Defendant's use of "evaporated cane juice" claims on the Products when the ingredient is not "juice" but was actually sugar(s) or syrup(s).

24.     In its guidance for industry and warning letters to manufacturers, the FDA has repeatedly stated its policy of restricting the ingredient names listed on product labels to their common or usual name, as provided in 21 C.F.R. § 101.4(a)(1).

25.     An ingredient's common or usual name is the name established by common usage or regulation, as provided in 21 C.F.R. § 102.5(d).

26.     The common or usual name must accurately describe the basic nature of the food or its characterizing properties or ingredients, and may not be "confusingly similar to the name of the other food that is not reasonably encompassed within the same name," as provided in 21 C.F.R. § 102.5(a).

27.     In October 2009, the FDA issued Guidance for Industry concerning "evaporated cane juice" claims stating:

- "…the term "evaporated cane juice" has started to appear as an ingredient on food labels, most commonly to declare the presence of sweeteners derived from sugar cane syrup. However, FDA's current policy is that sweeteners derived from sugar cane syrup should not be declared as "evaporated cane juice" because that term falsely suggests that the sweeteners are juice…

- "Juice" is defined by 21 CFR 120.1(a) as "the aqueous liquid expressed or extracted from one or more fruits or vegetables, purees of the edible portions of one or more fruits or vegetables, or any concentrates of such liquid or puree." …

- "As provided in 21 CFR 101.4(a)(1), "Ingredients required to be declared on the label or labeling of a food . . . shall be listed by common or usual name . . . ." The common or usual name for an ingredient is the name established by common usage or by regulation (21 CFR 102.5(d)). The common or usual name must accurately describe the basic nature of the food or its characterizing properties or ingredients, and may not be "confusingly similar to the name of any other food that is not reasonably encompassed within the same name" (21 CFR 102.5(a))…

- "Sugar cane products with common or usual names defined by regulation are sugar (21 CFR 101.4(b)(20)) and cane sirup (alternatively spelled "syrup") (21 CFR 168.130). Other sugar cane products have common or usual names established by common usage (e.g., molasses, raw sugar, brown sugar, turbinado sugar, muscovado sugar, and demerara sugar)…

- "The intent of this draft guidance is to advise the regulated industry of FDA's view that the term "evaporated cane juice" is not the common or usual name of any type of sweetener, including dried cane syrup. Because cane syrup has a standard of identity defined by regulation in 21 CFR 168.130, the common or usual name for the solid or dried form of cane syrup is "dried cane syrup."…

- "Sweeteners derived from sugar cane syrup should not be listed in the ingredient declaration by names which suggest that the ingredients are juice, such as "evaporated cane juice." FDA considers such representations to be false and misleading under section 403(a)(1) of the Act (21 U.S.C. 343(a)(1)) because they fail to reveal the basic nature of the food and its characterizing properties (i.e., that the ingredients are sugars or syrups) as required by 21 CFR 102.5. Furthermore, sweeteners derived from sugar cane syrup are not juice and should not be included in the percentage juice declaration on the labels of beverages that are represented to contain fruit or vegetable juice (see 21 CFR 101.30).

http://www.fda.gov/Food/GuidanceComplianceRegulatoryInformation/GuidanceDocuments/FoodLabelingNutrition/ucm181491.htm

28.     Defendant was aware or should have been aware of the guidance and regulations concerning "evaporated cane juice".

29.    Defendant nonetheless unlawfully listed "evaporated cane juice" as an ingredient on its Products, when it actually contained sugar(s) and/or syrup(s).

30.    Defendant also made the same illegal claims on its websites and advertising in violation of federal and Illinois law.

31.    A reasonable consumer would expect that when Defendant lists the ingredients on its products, the products' ingredients are given their common or usual name as defined by the federal government and its agencies.

32.    Consumers are thus misled into purchasing Defendant's Products with false and misleading ingredient names, which do not describe the basic nature of the food or its characterizing properties or ingredients and which are "confusingly similar to the name of" another food, i.e., juice, "…not reasonably encompassed within the same name," as provided in 21 C.F.R. § 102.5(a).

33.    Defendant's Products are in this respect misbranded under federal and Illinois law. Misbranded products cannot be legally sold and are legally worthless.

34.    Defendant's Products in this respect are both unlawful and misleading and deceptive.

***Defendant's False and Misleading Claims Regarding "Refined Sugars"***

35.    Defendant goes further with their misleading conduct regarding the Products by making the misleading label claim, "No Refined Sugars".

36.    This claim is prevalent on the front of all of the Products and Defendant's website:





A different KIND of whole grain...

KIND Healthy Grains are delicious, artisanal blends of nature's most healthful whole grains and superfoods hand-crafted to give you more health benefits in every bite! **Peanut Butter Whole Grain Clusters** are a good source of protein and contain 16g of whole grains.

✓ **Protein** increases satiety and strengthens bones, muscles and skin.

✓ **Whole Grains** Amaranth, Quinoa, Oats, Millet & Buckwheat provide essential nutrients, such as vitamins, minerals, dietary fiber, and protein, which help achieve a balanced diet and maintain a healthy weight.

Enjoy any way you like:

On-the-go!    Over yogurt!    With milk!

## Nutrition Facts
Serving Size: 1/3 cup (29g)
Servings Per Package: About 11

**Amount Per Serving**

Calories 130    Calories from Fat 35

| | % Daily Value* |
|---|---|
| **Total Fat** 3.5g | **5%** |
| Saturated Fat 0.5g | **3%** |
| Trans Fat 0g | |
| **Cholesterol** 0mg | **0%** |
| **Sodium** 70mg | **3%** |
| **Total Carb.** 20g | **7%** |
| Dietary Fiber 2g | **8%** |

### Do the KIND Thing — for your body, your taste buds, & the world!™

Welcome to the KIND community! Here at KIND we think a little differently. Instead of "or" we say "and." We choose healthy *and* tasty, convenient *and* wholesome, economically sustainable *and* socially impactful. From the healthy snacks and foods we make, to the way we work, live and give back, our goal is to make the world a little kinder. We call this the KIND Movement, which has inspired thousands of unexpected acts of kindness around the world. Join us at www.KINDsnacks.com/world.

KINDLY Yours,

Daniel Lubetzky, KIND Founder & CEO

**INGREDIENTS:** Whole grains (gluten free oats, brown rice, millet, buckwheat, amaranth, quinoa), evaporated cane juice, peanut butter, soy crisp (soy protein isolate, tapioca starch, calcium carbonate), peanuts, whey protein, canola oil, sea salt, natural vitamin E.

Contains peanuts, dairy and soy.
Made in a facility that uses tree nuts and sesame seeds.

Made in the USA.
Store in a cool dry place.

Brought to you by:
KIND, LLC
PO Box 705 Midtown Station
New York, NY 10018
+1 212.616.0999
www.KINDsnacks.com



37.     Sugar manufacturing involves the process called refining, during which impurities and colored components are removed. The starting product, called raw sugar, is softened and dissolved, then the components are separated to yield the white, pure sugar recognized as table sugar, or pure sucrose.

38.     "Evaporated cane juice is harvested from sugar cane also. It is less refined, so it remains a light tan color and retains some of the nutrients found in sugar cane juice. It is processed by boiling to evaporate most of the water in the juice."

http://www.livestrong.com/article/392941-white-sugar-vs-organic-evaporated-cane-juice/

39.     Although Evaporated Cane Juice is less refined than regular white sugar, it is nonetheless refined, making Defendant's claim "No Refined Sugars" false and misleading.

*Plaintiff's State Law Claims are Consistent with Federal Regulation*

40.     Defendant misleads consumers by using the term "Evaporated Cane Juice", rather than sugar or syrup in the labeling of the Products.

41.     As explained above, the use of the term "Evaporated Cane Juice" is misleading to consumers in violation of 21 U.S.C. § 343, which states, "A food shall be deemed to be misbranded—False or misleading label [i]f its labeling is false or misleading in any particular."

42.     The ILCS incorporates the exact language of the FDCA in 410 ILCS 620/11 by stating, "A food is misbranded- (a) If its labeling is false or misleading in any particular."

43.     The "FDA considers such representations to be false and misleading under section 403(a)(1) of the Act (21 U.S.C. 343(a)(1)) because they fail to reveal the basic nature of the food and its characterizing properties (i.e., that the ingredients are sugars or syrups) as required by 21 CFR 102.5."

http://www.fda.gov/food/guidanceregulation/guidancedocumentsregulatoryinformation/labelingnutrition/ucm181491.htm.

44.     Also, the CFA provides protection for consumers when purchasing products, including Defendant's food Products, by stating, "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact…" 815 ILCS 505/2.

45.     Plaintiff does not attempt to enforce a private right of action under the FDCA or the ILCS, nor does Plaintiff wish to mandate labeling requirements which are inconsistent with the Federal law, rather Plaintiff cites to these regulations to show Defendant's misleading and illegal conduct regarding the use of the term "Evaporated Cane Juice".

12

## CLASS ACTION ALLEGATIONS

46.      Plaintiff brings Counts I-III, as set forth below, on behalf of herself and as a class action, pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a Class defined as:

> **All persons in the United States who purchased Defendant's Products labeled with the ingredient "Evaporated Cane Juice" (the "National Class").**

Excluded from the National Class are Defendant and their subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

47.      Plaintiff brings Count III, as set forth below, on behalf of herself and as a class action, pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a Subclass defined as:

> **All persons in the State of Illinois who purchased Defendant's Products labeled with the ingredient "Evaporated Cane Juice" (the "National Class").**

Excluded from the Illinois Subclass is Defendant and their subsidiaries and affiliates; all persons who make a timely election to be excluded from the class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.  The National Class and Illinois Subclass are collectively referred to as "the Class," unless specifically indicated otherwise.

48.      Certification of the Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of her claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

49.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).**  The members of the class are so numerous that individual joinder of all Class members in impracticable.  On information and belief, there are thousands of consumers who have been affected by the Defendant's wrongful conduct.  The precise number of the Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from the Defendant's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

50.     **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).**  This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

     a.       whether Defendant engaged in the conduct as alleged herein;

     b.       whether Defendant's conduct constituted fraud;

     c.       whether Defendant was unjustly enriched by their conduct;

     d.       whether Plaintiff and the other Class members are entitled to actual, statutory, or other forms of damages, and other monetary relief and, if so, in what amount(s); and;

     e.       whether Plaintiff and other Class members are entitled to equitable relief, including but not limited to injunctive relief and restitution.

51.     **Typicality – Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform misconduct described above.

52.     **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4)**. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the other Class members she seeks to represent; she has retained counsel competent

14

and experienced in complex class action litigation; and Plaintiff intends to prosecute this action vigorously. The Class members' interests will be fairly and adequately protected by Plaintiff and her counsel.

53. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class members as a whole.

**Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class members to individually seek redress from Defendant's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

**COUNT I**
**COMMON LAW FRAUD**
**(On Behalf of the National Class and Illinois Subclass)**

54. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-54 as though fully set forth herein.

55. In line with their marketing strategy, Defendant designed advertisements and labeling targeted at Plaintiff and each of the other members of the Class. Defendant intended

that Plaintiff and each of the other members of the Class rely upon Defendant's representations with respect to their Products.

56.     Defendant knew that the representations that they made on the labeling, promotional materials and to customers at the point of sale concerning their Products were inaccurate and untrue.

57.     Specifically, Defendants represented that their Products contain "ingredients you can see and pronounce", "no secret ingredients", and "no refined sugars", which are all material misrepresentations in light of the fact that evaporated cane juice is simply a syrup or sugar.

58.     Furthermore, Defendant's use of "evaporated cane juice" claims on the Products when the ingredient is not "juice" but is actually sugar(s) or syrup(s) is a material misrepresentation.

59.     Plaintiff and each of the other members of the Class reasonably relied upon Defendant's false representations, including in advertisements and on the package labeling itself, when they decided to purchase the Defendant's Products.

60.     Plaintiff and each of the other members of the Class suffered real economic losses and harm as a direct result of Defendant's intentional misrepresentation of their Products.

61.     Plaintiff and the Class members' reliance on Defendant's material misrepresentations concerning their products were a substantial factor in the harm suffered by Plaintiff and each of the other members of the Class.

62.     Defendant ignored specific guidance from the U.S. Food and Drug Administration concerning the labeling of their Products.  Defendant's knowing and conscious disregard of this information, and the information regarding the refining of evaporated cane juice, amounts to conduct that is deliberate, wanton, and willful, warranting the imposition of punitive damages.

## COUNT II
## UNJUST ENRICHMENT
### (On Behalf of the National Class and Illinois Subclass)

63.     Plaintiff adopts and incorporates by reference paragraphs 1-63 of this Complaint as if fully set forth herein.

64.     Through their numerous misleading, unfair, and deceptive claims relating their Products, Defendant made millions of dollars from the sale of their Products.  These large profits were made at the expense of Plaintiff and each of the other members of the Class, who relied upon the representations made by the Defendant.

65.     When they purchased the Defendant's Products, Plaintiff and each of the other members of the Class conferred a benefit on the Defendant, which Defendant knowingly appreciated and accepted.

66.     Defendant's Products were defective in design, inadequate for their ordinary and intended use, and failed to perform in accordance with the advertisements, labeling, marketing materials, and warranties provided by Defendant.  The Defendant's sale of their Products thus caused Plaintiff and each of the other members of the Class to lose money they would not otherwise have lost.

67.     Under such circumstances, Defendant's retention of the revenues from the sale of their Products to Plaintiff and the Class is unjust and inequitable.

68.     As a result of Defendant's unjust enrichment, Plaintiff and each of the other members of the Class sustained damages in an amount to be determined at trial.  Plaintiffs and each of the other members of the Class seek full disgorgement and restitution of Defendant's enrichment, benefits, and ill-gotten gains acquires as a result of the unlawful and/or wrongful conduct alleged herein.

## COUNT III
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD
## AND DECEPTIVE BUSINESS PRACTICES ACT
### (On Behalf of the National Class and Illinois Subclass)

69.     Plaintiff adopts and incorporates by reference paragraphs 1-69 of this Complaint as if fully set forth herein.

70.     The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.* ("ICFA") prohibits the use of unfair or deceptive business practices in the conduct of trade or commerce.  The ICFA is to be liberally construed to effectuate its purpose.

71.     At all times material hereto, the Illinois Consumer Fraud and Deceptive Business Practices Act ("the Act"), set forth as Chapter 815, Act 505/2 of the Illinois Compiled Statutes, provided, in pertinent part, as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damage thereby.

72.     This claim is brought pursuant to the Act.  Plaintiff is a consumer as defined by the Act and Defendant's sales of its Products are in the conduct of trade or commerce.

73.     Defendant's packaging, marketing, and sale of its Products and placing the Products into trade and commerce representing that the Products contain "ingredients you can see and pronounce", "no secret ingredients", and "no refined sugars", is an "unfair business practice" under the Act.

74.     Defendant's act of advertising and marketing its Products as containing "ingredients you can see and pronounce", "no secret ingredients", and "no refined sugars" is a "deceptive" practice under the Act.  Rather than provide consumers such as Plaintiff and the other Class members with full information on which to base purchases, Defendant knowingly concealed such facts and to date has yet to issue even a single word of clarification or retraction.

75.     Defendant's intentional misrepresentation and concealment of material facts concerning its Products constitutes prohibited fraudulent conduct under the Act.

76.     Furthermore, Defendant's use of "evaporated cane juice" claims in its packaging marketing, advertising, labeling, and sale when the ingredient is not "juice" but is actually sugar(s) or syrup(s) is an unfair and deceptive business practice under the Act and constitutes an intentional misrepresentations and concealment of material facts.

77.     Defendant intended that Plaintiff and each of the other members of the Class would rely upon their deceptive conduct, and a reasonable person would in fact be misled by this deceptive conduct.

78.     At all times material hereto, it was reasonably foreseeable that Plaintiff, and others similarly situated, would rely on the false and fraudulent statements made by Defendant. Said reliance has caused Plaintiff and the other Class members to be damaged.

79.     Plaintiff and the other Class members have suffered actual damages as an actual and proximate result of the Defendant's intentional misrepresentation and concealment of material facts in that they purchased the Products at all.

80.     Defendant's conduct as described throughout this Complaint constitutes unfair, immoral, and unscrupulous business practices that harmed not only Plaintiff and the other Class members, but the general public as well.

81.     Defendant's actions were done willfully, intentionally, and with reckless disregard for harm that would be caused to Plaintiff, and others similarly situated, and Defendant's conduct warrants imposition of punitive damages to deter Defendant, and others in similar circumstances, from committing such actions in the future.

82.     Defendant's conduct described herein actually and proximately caused Plaintiff and other Class members to suffer damages as described throughout this Complaint.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Rochelle Ibarrola, on behalf of herself and all others similarly situated, respectfully requests that the Court enter an Order awarding the following relief:

A.     Declaring that this action may be maintained as a class action, and certifying the Classes as requested herein;

B.     Enjoining Defendant from the unlawful practices and statutory violations asserted herein;

C.     A judgment awarding Plaintiff and each of the other members of the Class and Illinois Subclass their actual damages in an amount according to proof for their unlawful conduct, as alleged herein;

D.     A judgment awarding Plaintiff and each of the other members of the Class and Illinois Subclass compensatory, consequential, and special damages in amounts to be proven at trial, as well as statutory damages;

E.     An award of punitive damages, to the maximum extent permitted by law;

F.     A judgment awarding Plaintiff and the other members of the Class and Illinois Subclass restitution, including, without limitation, disgorgement of all profits and unjust enrichment obtained by Defendant as a result of their wrongful conduct, as alleged herein;

G.     An award of delay damages, to the maximum extent permitted by law;

H.      Attorneys' fees, expenses, and the costs of this action to the maximum extent permitted by law;

I.      An award of pre- and post-judgment interest; and

J.      All other and further relief that the Court deems necessary, just, and proper.

Dated: November 26, 2013          Respectfully submitted,

/s/Eric D. Holland
Eric D. Holland
R. Seth Cromtpon
Holland, Groves, Schneller & Stolze, LLC
300 N. Tucker Blvd., Suite 801
St. Louis, MO 63101
Telephone: 314-241-8111
Facsimile: 314-241-5554
Email:  eholland@allfela.com
Email:  scrompton@allfela.com

Jordan L. Chaikin
Florida Bar Number 0878421
Parker Waichman LLP
3301 Bonita Beach Road, Suite 101
Bonita Springs, FL 34134
Telephone: 239-390-1000
Facsimile: 239-390-0055
Email: jchaikin@yourlawyer.com

Alyson Oliver
Nick Suciu, III
Oliver Law Group PC
950 West University Dr., Suite 200
Rochester, MI 48307
Telephone: 248-327-6556
Facsimile: 248-436-3385
Email: aoliver@oliverlg.com
Email: nsuciu@oliverlg.com