UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROCHELLE IBARROLA, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 13 C 50377 |
| v. | ) ) | Judge Sara L. Ellis |
| KIND, LLC, | ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Rochelle Ibarrola brings this putative class action against Kind, LLC, a maker of food products. Ibarrola purchased one of Kind's products—Vanilla Blueberry Clusters with Flax Seeds ("Vanilla Blueberry Clusters")—on at least two occasions in 2013. Ibarrola brings this suit pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.* ("ICFA"), and Illinois common law, alleging that Kind misrepresented the ingredients in Vanilla Blueberry Clusters and five other products. Ibarrola seeks to represent anyone who purchased any of Kind's six identified products in Illinois and around the United States.

Ibarrola alleges that the label on the Vanilla Blueberry Clusters deceived her and others primarily because it lists "evaporated cane juice" as an ingredient. Evaporated cane juice is another name for sugar cane syrup. Kind moves to dismiss the Complaint on three grounds: that Ibarrola has not properly alleged an injury, a requirement to demonstrate standing; that Ibarrola fails to state a claim, as she does not plausibly allege that she was deceived; and that the Food and Drug Administration ("FDA") has primary jurisdiction over Ibarrola's claims. Because

Ibarrola does not adequately allege that she was injured or deceived, the Court grants Kind's motion to dismiss [39].

## BACKGROUND[1]

Kind produces at least six products under the label "Kind Healthy Grains," including Vanilla Blueberry Clusters. The packaging of each item includes federally mandated nutrition and ingredient information. Kind lists evaporated cane juice as an ingredient in each of the six Healthy Grains products. Evaporated cane juice is a sweetener derived from sugar cane syrup. The products' packages represent that the products contain "no refined sugars" and "ingredients you can see and pronounce." On Kind's website, it states that its products contain "no secret ingredients." In addition to evaporated cane juice, the packaging of Vanilla Blueberry Clusters lists molasses as an ingredient. Molasses is a sweetener derived from sugar cane. The nutrition label on Vanilla Blueberry Clusters also makes clear that the product contain 5 grams of sugars per 29 gram serving.

On two occasions in 2013, Ibarrola, a health conscious consumer, purchased Vanilla Blueberry Clusters from a store after reading the entire product label. At the time of purchase, Ibarrola did not realize that evaporated cane juice was syrup derived from sugar cane. Ibarrola states that but for the misleading statements on the product's packaging, she would not have purchased the Vanilla Blueberry Clusters.

In support of her claim that Kind falsely represents that its products do not contain any refined sugars, Ibarrola quotes an article from the Livestrong website, which states: "Evaporated

---

[1] Unless otherwise noted, the facts in the background section are taken from Ibarrola's Complaint and are presumed true for the purpose of resolving Kind's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). On a motion to dismiss for failure to state a claim, a court normally cannot consider extrinsic evidence without converting the motion to dismiss into one for summary judgment. *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009).

cane juice is harvested from sugar cane also. It is less refined, so it remains a light tan color and retains some of the nutrients found in sugar cane juice." Doc. 1 ¶ 38. From this, Ibarrola alleges that evaporated cane juice is, in fact, a refined sugar and that therefore Kind deceives customers when it advertises that its products contain no refined sugars.

In October of 2009, the FDA issued "DRAFT Guidance for Industry" related to the identification of evaporated cane juice as an ingredient on food labels. The FDA stated that its "current policy is that sweeteners derived from sugar cane syrup should not be declared 'evaporated cane juice' because that term falsely suggests that sweeteners are juice." Doc. 1 ¶ 27. The FDA went on to state that "[i]ngredients required to be declared on the label or labeling of a food . . . shall be listed by common or usual name." *Id.* "Sugar cane products with common or usual names defined by regulation are sugar and cane sirup [or syrup]." *Id.* (citation omitted). The FDA also made clear that its 2009 draft guidance "Contains Nonbinding Recommendations."[2] Draft Guidance for Industry: Ingredients Declared as Evaporated Cane Juice, 2009 WL 3288507, at *1 (F.D.A. Oct. 1, 2009).

On March 5, 2014, the FDA submitted a notice requesting additional comments regarding evaporated cane juice. The notice stated:

> We have not reached a final decision on the common or usual name for this ingredient and are reopening the comment period to request further comments, data, and information about the basic nature and characterizing properties of the ingredient sometimes declared as "evaporated cane juice," how this ingredient is produced, and how it compares with other sweeteners.
> . . .

---

[2] In ruling on Kind's motion to dismiss, the Court may consider the full text of the FDA's 2009 Draft Guidance because it is incorporated by reference into the Complaint. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). The Court may also take judicial notice of both the 2009 draft guidance and the 2014 notice because they are matters of public record, *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997), and because the documents are relevant to Kind's motion to dismiss for lack of subject matter jurisdiction, *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009).

> After reviewing the comments received, we intend to revise the draft guidance, if appropriate, and issue it in final form, in accordance with FDA's good guidance practice regulations in 21 CFR 10.115.

79 Fed. Reg. 12507–08, Notice Reopening Comment Period.

To date, the FDA has not issued any further guidance with regard to evaporated cane juice.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of proof. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012). The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion. *Apex Digital, Inc.*, 572 F.3d at 443–44. If a defendant challenges the sufficiency of the allegations regarding subject matter jurisdiction (a facial challenge), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See id.*; *United Phosphorus*, 322 F.3d at 946. If, however, the defendant denies or controverts the truth of the jurisdictional allegations (a factual challenge), the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established jurisdiction by a preponderance of the evidence. *See Apex Digital*, 572 F.3d at 443–44; *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive

a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank*, 649 F.3d at 615 (citation omitted). Rule 9(b) applies to "all averments of fraud, not claims of fraud." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). "A claim that 'sounds in fraud'— in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements." *Id.*

## ANALYSIS

**I.     Sufficiency of the Complaint**

The Complaint brings three counts: common law fraud, unjust enrichment, and a violation of the ICFA. Each of these counts is premised on the same allegations: that Kind improperly listed "evaporated cane juice" as an ingredient and falsely claimed that its products do not contain any refined sugars or secret ingredients. Ibarrola contends that she "was unaware that Evaporated Cane Juice was actually just a sugar or syrup," Doc. 1 ¶ 5, and that she would not have purchased the Vanilla Blueberry Clusters but for Kind's deceptive statements.

Kind contends that Ibarrola fails to properly allege that she was injured or deceived, or that she relied on the deception. In response, Ibarrola contends that "Defendant mislabeled [evaporated cane juice] in order to target health-conscious consumers and lead them to believe that its products are in fact, lower in sugar." Doc. 47 p. 9. But the sugar content of Vanilla Blueberry Clusters—5 grams per 29 gram serving—is indicated on the packaging and displayed more prominently than its ingredients. Ibarrola does not contend that the sugar content listed on the label is inaccurate. Moreover, as Ibarrola makes clear in her response to the motion to dismiss, she does not allege that she thought Vanilla Blueberry Clusters contained no sugar. Ibarrola also does not state what she understood "evaporated cane juice" to mean when she read it on the Vanilla Blueberry Clusters' packaging. Nevertheless, Ibarrola alleges that she was deceived by the product's packaging and states that she would not have purchased Vanilla Blueberry Clusters had she known the truth—that evaporated cane juice is a type of cane syrup that is at least partially refined.

Like any plaintiff, Ibarrola must establish standing to sue. Standing is a jurisdictional requirement that a plaintiff must demonstrate in order for the Court to hear the case. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). To establish standing, Ibarrola must allege an injury in fact. *Bohn v. Boiron, Inc.*, No. 11 C 08704, 2013 WL 3975126, at *3 (N.D. Ill. Aug. 1, 2013) ("the ICFA allows for injunctive relief 'where appropriate,' however, this does not alleviate her burden of alleging 'an injury in fact' necessary to establish Article III standing." (citing *Lujan*, 504 U.S. at 560)).

The decision in *Frye v. L'Oreal USA, Inc.*, 583 F. Supp. 2d 954 (N.D. Ill. 2008) is helpful in determining whether Ibarrola has sufficiently alleged an injury. There, the plaintiff brought a claim under the ICFA, alleging that lipstick manufactured by the defendant contained dangerous

levels of lead. *Id.* at 956. Like Ibarrola, the plaintiff in *Frye* claimed that she would not have purchased the defendant's lipstick had she known its actual contents. *Id.* at 957. The district court dismissed the complaint, finding that the plaintiff did not allege an actual injury stemming from the misrepresentation because "she does not allege that she would not have purchased lipstick, that she would have purchased cheaper lipstick, or that the lipstick in question had a diminished value because of the lead." *Id.* at 958. Here, Ibarrola does not allege that she would have purchased a less expensive snack or no snack at all had she known that Vanilla Blueberry Clusters contained cane syrup. Nor does she allege that the Vanilla Blueberry Clusters had a diminished value because they contained sugar cane syrup.

Although *Frye* analyzed this question through the lens of a 12(b)(6) motion to dismiss, rather than a challenge to the plaintiff's standing, the rationale is nevertheless persuasive here. The ruling in *Frye* corresponds with cases from other districts that reach the same result by way of an inquiry into standing. *See Veal v. Citrus World, Inc.*, No. 2:12-CV-801-IPJ, 2013 WL 120761, at *4 (N.D. Ala. Jan. 8, 2013) (dismissing for lack of standing because "the plaintiff has failed to state an actual, concrete injury. He states he did not know store bought orange juice was not fresh squeezed, but nowhere alleges any harm from its purchase or consumption."); *In re Fruit Juice Prods. Mktg. & Sales Practices Litig.*, 831 F. Supp. 2d 507, 512 (D. Mass. 2011) (dismissing for lack of standing, stating: "Because Plaintiffs are unable to show that *any* actual harm resulted from consumption of the fruit juice products, their allegation of 'economic' injury lacks substance. The fact is that Plaintiffs paid for fruit juice, and they received fruit juice, which they consumed without suffering harm.").

Rather than relying on these cases, Ibarrola urges the Court to follow the lead of *Chicago Faucet Shoppe, Inc. v. Nestle Waters North America Inc.*, No. 12 C 08119, 2014 WL 541644

(N.D. Ill. Feb. 11, 2014). There, the plaintiff alleged that the defendant deceived customers by implying that Ice Mountain bottled water came from a spring, rather than a municipal tap. *Id.* at 3. The court found that the plaintiff had sufficiently alleged an economic injury because it "paid more than it otherwise would have for the water." *Id*. That is, the complaint stated a claim that the defendant misled customers into believing that they were purchasing spring water rather than tap water. This makes sense because spring water is a more expensive and more valuable product than tap water. But Ibarrola has not alleged that Vanilla Blueberry Clusters would be more valuable—either to her or to the reasonable consumer—if the product did not contain cane syrup. In light of this distinction, *Chicago Faucet* is not relevant to the Court's determination here. Thus, the Court dismisses Ibarrola's common law fraud and ICFA claims because she has not adequately alleged that she was harmed by Kind's representations and therefore has no standing.

In addition to establishing standing, Ibarrola must allege the following elements to state a claim for a violation of the ICFA: (1) a deceptive act or practice by Kind, (2) Kind's intent that she rely on the deception, (3) that the deception occur in a course of conduct involving trade and commerce, and (4) that the deception proximately caused her injury. *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 576 (7th Cir. 2001). Unlike a claim for common law fraud, which Ibarrola also brings, to state a claim under the ICFA Ibarrola need not allege that she actually relied on Kind's deceptive statements.[3] *Id.* ("[T]he Illinois Supreme Court has

---

[3] The elements of Illinois common law fraud are: "(1) a statement by defendant; (2) of a material nature as opposed to opinion; (3) that was untrue; (4) that was known or believed by the speaker to be untrue or made in culpable ignorance of its truth or falsity; (5) that was relied on by the plaintiff to his detriment; (6) made for the purpose of inducing reliance; and (7) such reliance led to the plaintiff's injury." *Duran v. Leslie Oldsmobile, Inc.*, 594 N.E.2d 1355, 1360, 229 Ill. App. 3d 1032, 171 Ill. Dec. 835 (1992).

repeatedly held that, unlike a claim for common law fraud, reliance is not required to establish a consumer fraud claim").

The Court finds that the Complaint fails to plausibly and adequately allege that Ibarrola was deceived by Kind's representations. Ibarrola does not explain how she was deceived, or what she believed evaporated cane juice to be, if not a form of sugar. In *Kane v. Chobani, Inc.*, 973 F. Supp. 2d 1120 (N.D. Cal. 2014), the court dismissed the complaint, finding "absent *some* factual allegation concerning what Plaintiffs believed [evaporated cane juice] to be if not a form of sugar or a juice containing some form of sugar, Plaintiffs' allegations . . . [are] simply not plausible." *Id.* at 1132. Likewise, in *Pelayo v. Nestle USA, Inc.*, No. CV 13-5213-JFW AJWX, 2013 WL 5764644 (C.D. Cal. Oct. 25, 2013), the court dismissed the complaint, stating, "Plaintiff has failed to allege either a plausible objective definition of the term 'All Natural' or her subjective definition of the term 'All Natural' that is shared by the reasonable consumer. Accordingly, Plaintiff has failed to allege how the term 'All Natural' could be deceptive to a consumer acting reasonably under the circumstances." *Id.* at *5. Similarly, Ibarrola fails to allege how the inclusion of evaporated cane juice in the list of ingredients or the claim that Vanilla Blueberry Clusters contained no refined sugars affected her decision to purchase the product. Ibarrola also does not explain why the inclusion of molasses in the list of ingredients did not cause her to forego buying Vanilla Blueberry Clusters, but the inclusion of cane syrup would have. The Complaint reveals that molasses is also a sweetener derived from sugar cane. Ibarrola points out in her response that she did not think that Vanilla Blueberry Clusters were sugar free, but she does not make clear what, if anything, she actually thought with regard to the sugar content of, or the sweeteners used in, Vanilla Blueberry Clusters such that the Court can infer that she was actually deceived. Because Ibarrola fails to plausibly allege that she was

9

deceived or that a reasonable person would be deceived by Kind's representations, her fraud and ICFA claims fail to state a cause of action.

The Court also dismisses Ibarrola's claim for unjust enrichment. Absent deception, the claim for unjust enrichment must fail. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 515 (7th Cir. 2006); *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 943 (7th Cir. 2001) ("in the absence of any deception on the part of the defendants, the requisite [elements of unjust enrichment are] not present"); *Ciszewski v. Denny's Corp.*, No. 09C5355, 2010 WL 1418582, at *4 (N.D. Ill. Apr. 7, 2010). Moreover, a claim for unjust enrichment cannot stand on its own in light of the Court's dismissal of her ICFA and common law fraud claims. *See Martis v. Grinnell Mut. Reins. Co.*, 905 N.E.2d 920, 928, 388 Ill. App. 3d 1017, 329 Ill. Dec. 82 (2009) ("Unjust enrichment is not a separate cause of action that, standing alone, will justify an action for recovery.");

The Court declines to rule at this stage on the question of whether Ibarrola has standing to sue for misrepresentations on products that she never purchased. While Ibarrola alleges only that she purchased Vanilla Blueberry Clusters, she sues Kind for misrepresentations on six of its products. Kind contends that Ibarrola lacks standing with regard to the five other products and that Ibarrola cannot serve as a class representative for those who purchased those products. *See Conrad v. Nutramax Labs., Inc.*, No. 13 C 3780, 2013 WL 5288152, at *2 (N.D. Ill. Sept. 18, 2013) ("Conrad has not purchased CosaminASU and thus has incurred no damages as a result of any representations made about that product."); *Padilla v. Costco Wholesale Corp.*, No. 11 C 7686, 2012 WL 2397012, at *2–3 (N.D. Ill. June 21, 2012). But because the motion for class certification has not been briefed, the Court refrains from ruling on Ibarrola's typicality or adequacy of representation at this stage of the proceedings.

## II. Primary Jurisdiction

Kind also argues that the doctrine of primary jurisdiction warrants dismissing the Complaint. Kind contends that because the FDA has jurisdiction over food labels and is currently determining whether evaporated cane juice is an appropriate term to include on a list of ingredients, the Court should dismiss the Complaint in order to avoid the risk of infringing on the FDA's jurisdiction and reaching a potentially contrary conclusion. Several cases support this argument and dismiss complaints without prejudice under the doctrine of primary jurisdiction. *See, e.g., Hood v. Wholesoy & Co, Modesto Wholesoy Co. LLC*, No. 12-CV-5550-YGR, 2013 WL 3553979, at *5 (N.D. Cal. July 12, 2013). Courts became increasingly likely to adopt this rationale after the FDA requested further comment in March of 2014. *See, e.g., Avila v. Redwood Hill Farm & Creamery, Inc.*, No. 5:13-CV-00335-EJD, 2014 WL 2090045, at *3 (N.D. Cal. May 19, 2014) ("In the past, this Court, along with other courts in this district, has found that the primary jurisdiction doctrine did not bar adjudication of ECJ claims. However, in light of the FDA's March 5, 2014 notice in the Federal Register reopening the comment period for the draft guidance on the term ECJ, this Court finds it appropriate to apply the doctrine of primary jurisdiction in this case."); *Figy v. Amy's Kitchen, Inc.*, --- F.Supp.2d ----, 2014 WL 1379915, at *3 (N.D. Cal. Apr. 9, 2014) (dismissing without prejudice on primary jurisdiction grounds, noting that "deferring to the FDA will allow for uniformity in administration on this issue").

However, the Supreme Court recently called this rationale into question in *POM Wonderful LLC v. Coca-Cola Co.*, 573 U.S. ----, 2014 WL 2608859 (June 12, 2014). There, the plaintiff sued pursuant to the Lanham Act,[4] alleging that the label on the defendant's juice drink misled consumers as to the drink's primary ingredients. *Id.* at *6. The district court granted

---

[4] The Lanham Act is similar to the ICFA in many respects. *See, e.g., Pesina v. Midway Mfg. Co.*, 948 F. Supp. 40, 43 (N.D. Ill. 1996) ("The legal inquiry is the same under the Illinois [Consumer Fraud] and the Lanham Acts.").

partial summary judgment on ground that the Food, Drug, and Cosmetic Act precluded the suit by conferring jurisdiction over food labeling to the FDA. *Id*. The Ninth Circuit affirmed, but the Supreme Court reversed, stating, "food and beverage labels regulated by the FDCA are not, under the terms of either statute, off limits to Lanham Act claims." *Id.* at *8. In light of the guidance in *POM Wonderful* and the Court's dismissal of the Complaint in Section I of this Opinion, the Court refrains from substantively considering Kind's argument that the doctrine of primary jurisdiction warrants dismissal.

## CONCLUSION

For the above stated reasons, the motion to dismiss [39] is granted. The Complaint is dismissed in its entirety without prejudice. Ibarrola has until July 28, 2014 to amend her Complaint.

Dated: July 14, 2014

_____
SARA L. ELLIS
United States District Judge