UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ROCHELLE IBARROLA, on behalf of herself and all others similarly situated, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | No. 13 C 50377 |
| v. | ) ) | Judge Sara L. Ellis |
| KIND, LLC, | ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Rochelle Ibarrola[1] brings this putative class action against Kind, LLC, a maker of food products. Ibarrola purchased one of Kind's products—Vanilla Blueberry Clusters with Flax Seeds ("Vanilla Blueberry Clusters")—on two occasions in 2013. Ibarrola brings this suit pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.*, and Illinois common law alleging that the packaging of Vanilla Blueberry Clusters was deceptive in that it claimed that the product contained "no refined sugars." The Court previously dismissed Kind's initial complaint for failure to adequately allege deception or an injury. The First Amended Complaint ("FAC") alleges that evaporated cane juice and molasses, the two sweeteners identified on the products' ingredient lists, are refined sugars, and thus, that the "no refined sugars" claim was false and misleading to reasonable consumers. Ibarrola seeks to represent a statewide and nationwide class of individuals who purchased any of Kind's four identified Healthy Grains products.

---

[1] In the case caption to the First Amended Complaint, Plaintiff for the first and only time spells her last name "Ibarolla." This may, in fact, be the accurate spelling of her last name. *See Ibarolla v. Nutrex Research, Inc.*, No. 12 C 4848, 2012 WL 5381236, at *1 (N.D. Ill. Oct. 31, 2012) (brought by "Plaintiff Rochelle Ibarolla"). But because Plaintiff has overwhelmingly spelled her name "Ibarrola" in this case, the Court will also do so.

1

Kind now moves to dismiss the FAC. Because the Court finds that Ibarrola has not plausibly alleged that a reasonable consumer would be deceived by Kind's statements, her fraud claims fail. Ibarrola's express warranty claim is dismissed because she did not notify Kind of the alleged breach of warranty as required by Illinois law. Finally, the unjust enrichment claim fails because the underlying allegations are dismissed. The motion to dismiss [65] is granted, and the FAC is dismissed in its entirety with prejudice.

## BACKGROUND[2]

Kind produces at least four snack products under the label "Kind Healthy Grains," including Vanilla Blueberry Clusters. On May 5, 2013 and August 19, 2013, Ibarrola purchased Vanilla Blueberry Clusters from a store after reading the entire product label. At the time of the purchases, the packaging of Vanilla Blueberry Clusters stated that the product contained "no refined sugars." This was one of twelve bullet-pointed statements on the front of the package. The other statements touted the product's fiber and Omega-3 content, as well as stating that the product was "Gluten Free," "All Natural," "Non GMO," "Cholesterol Free," and contained "No Trans Fats," among other qualities. Doc. 60 ¶ 29. The packaging of the other Healthy Grains products also stated that the products contained "no refined sugars" and made similar positive statements as those on the Vanilla Blueberry Clusters packaging. The reverse side of each product included federally mandated nutrition and ingredient information. The nutrition label for Vanilla Blueberry Clusters stated that there were 5 grams of sugars in each 29 gram serving.

---

[2] The facts in the background section are taken from the FAC and are presumed true for the purpose of resolving Kind's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007). A court normally cannot consider extrinsic evidence without converting a motion to dismiss into one for summary judgment. *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009). Where a document is referenced in the FAC and central to Ibarrola's claims, however, the Court may consider it in ruling on the motion to dismiss. *Id.* The Court will also take judicial notice of matters of public record. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997).

Kind listed evaporated cane juice and molasses as ingredients in each of the Healthy Grains products.

Evaporated cane juice is a sweetener derived from sugar cane. It "is a type of refined sugar that is less refined than common table sugar," in that it "does not go through the final refining process that common table sugar undergoes." *Id.* ¶¶ 33, 34. As a result, evaporated cane juice contains "trace" amounts of the minerals that otherwise exist in "naturally occurring, unrefined sugar, or natural sugar cane." *Id.* ¶¶ 32, 34. But evaporated cane juice "is still a refined sugar with very little nutritional value that lacks the fully intact nutritional profile of truly unrefined sugar." *Id.* ¶ 34. Molasses is "a thick syrup produced during the refining of sugar" that, like evaporated cane juice, is "less refined than regular white table sugar." *Id.* ¶¶ 36, 38.

Ibarrola claims that when she read "no refined sugars" on the package of Vanilla Blueberry Clusters, she thought that the product "contain[ed] only naturally occurring, unrefined sugars." *Id.* ¶ 38. Ibarrola "was looking for a product which did not have refined sugars, so she could enjoy a snack without adding additional calories to her diet that had no and/or a diminished nutritional value. When Plaintiff read the claim 'No Refined Sugars' she understood that unrefined sugars provided certain health benefits over refined sugars and chose [Kind's] Products based on this preference." *Id.* ¶¶ 39–40. Ibarrola contends that she paid a premium for the Vanilla Blueberry Clusters as a result of Kind's statement that the product contained no refined sugars.

Ibarrola's initial complaint was premised primarily on the theory that Kind misled customers by referring to the primary sweetener in Vanilla Blueberry Clusters as "evaporated cane *juice*" rather than identifying it as a syrup. Doc. 1 ¶ 3. The initial complaint also alleged that the statement "no refined sugars" was misleading. *Id.* ¶ 35. Kind moved to dismiss the

3

complaint, asserting that Ibarrola had not plausibly alleged deception or injury. The Court granted the motion on these bases and dismissed the complaint without prejudice. Doc. 59. Ibarrola then filed the FAC, which Kind now moves to dismiss.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank*, 649 F.3d at 615 (citation omitted). Rule 9(b) applies to "all averments of fraud, not claims of fraud," *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007), including ICFA deceptive practices claims, *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). "A claim that 'sounds in fraud'—in other words, one that is premised upon a course of fraudulent

4

conduct—can implicate Rule 9(b)'s heightened pleading requirements." *Borsellino*, 477 F.3d at 507.

## ANALYSIS

The FAC contains four counts: common law fraud, unjust enrichment, breach of express warranty, and a violation of ICFA. Each of these counts is premised on Ibarrola's allegation that Kind falsely advertised that its products do not contain any refined sugars. Kind moves to dismiss the entire complaint, contending primarily that Ibarrola failed to adequately alleged that a reasonable consumer would be deceived by any of Kind's statements, and thus that her fraud claims fail. Kind also asserts that Ibarrola did not adequately allege an express warranty claim and, alternately, that Ibarrola did not provide the required pre-litigation notice to bring an express warranty claim. Kind contends that the unjust enrichment claim cannot stand on its own after the other claims have been dismissed. The Court takes these arguments in turn.[3]

**I.      Fraud Claims**

To prevail on her ICFA claim, Ibarrola must allege and ultimately prove: (1) a deceptive act or practice by Kind, (2) that the deceptive act or practice occurred in the course of conduct involving trade or commerce, (3) that Kind intended that Ibarrola rely on the deception, and (4) that the deception caused Ibarrola actual damages. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). In addition to these elements, common law fraud requires plaintiffs to allege that the plaintiff actually relied on the contested statement and that the defendant acted with scienter.[4] *Thacker v. Menard, Inc.*, 105 F.3d 382, 386 (7th Cir. 1997).

---

[3]    Because the Court dismisses all of Ibarrola's claims based on these grounds, the Court declines to rule on Kind's remaining arguments for dismissal and will not address them in this opinion.
[4]    "[T]he elements of common law fraud are: (1) a false statement of material fact; (2) by one who knows or believes it to be false; (3) made with the intent to induce action by another in reliance on the statement; (4) action by the other in reliance on the truthfulness of the statement; and (5) injury to the

Although ICFA claims often involve disputed questions of fact not suitable to a motion to dismiss, a court may dismiss the complaint if the challenged statement was not misleading as a matter of law. *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 940 (7th Cir. 2001) (affirming dismissal of a complaint involving Zantac 75); *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 978 (C.D. Cal. 2013) (dismissing a suit against the makers of Buitoni pastas and citing cases).

In moving to dismiss, Kind contends that Ibarrola fails to plausibly allege that the "no refined sugars" claim was deceptive. Kind points out that Ibarrola never explains what exactly she understood the statement "no refined sugars" to mean when she purchased the Vanilla Blueberry Clusters. Ibarrola claims, somewhat obliquely, that she understood "no refined sugars" to mean that the Vanilla Blueberry Clusters contained only "naturally occurring" sugars that had not been refined at all. *See* Doc. 60 ¶ 38 (noting that the "no refined sugars" claim was "false and misleading to reasonable consumers, who are likely to understand such claims to mean—as Plaintiff did—that the Products contain only naturally occurring, unrefined sugars"). But this is not plausible. Because Ibarrola read the entire product label and thus saw that the product contained evaporated cane juice, she recognized that at least one of the sweeteners in the Vanilla Blueberry Clusters was derived from sugar cane. Thus, taken at her word, Ibarrola alleges that she thought that Vanilla Blueberry Clusters contained sugar cane in its natural state, not having gone through any process to refine it.

But as depicted in the photographs below, sugar cane in its natural state is a grass that contains jointed stalks resembling bamboo. The stalks are made up of fibrous flesh surrounded by bark. Before sugar cane sweeteners can be used as an ingredient in food, sucrose must be extracted from the flesh of the sugar cane stalk and processed over the course of several stages.

---

other resulting from that reliance." *Athey Prods. Corp. v. Harris Bank Roselle*, 89 F.3d 430, 434 (7th Cir. 1996).

*See* United States Environmental Protection Agency, Food and Agricultural Industries, Sugar Cane Processing, 9.10.1.1, figures 9.10.1.1-1 and 2, http://www.epa.gov/ttn/chief/ap42/ch09/final/c9s10-1a.pdf. In the latter stages of the process, raw sugar is further refined into one or more edible sweeteners. *See id.*; United States Department of Agriculture ("USDA"), Domestic Sugar Program and Reporting Glossary Terms, https://www.fsa.usda.gov/Internet/FSA_File/sugar_glossary.pdf (defining "raw sugar" as "not suitable for human consumption without further refinement"); 7 C.F.R. § 1435.2 ("Raw sugar means any sugar that is to be further refined or improved in quality other than in-process sugar."). Given this reality, no reasonable consumer would think—as Ibarrola alleges she did—that the sugar contained in Kind's Healthy Grains products was still in its natural, completely unrefined state.



Sugar cane stalks in their natural state.
http://www.fs.fed.us/wildflowers/ethnobotany/wildrelatives.shtml.



A sugar cane stalk with some of its bark removed to reveal the fibrous flesh. http://www.ars.usda.gov/is//2009/090206.htm.

Even though a reasonable consumer may not understand everything that happens to sugar cane before its derivative can be added as an ingredient in Vanilla Blueberry Clusters, a reasonable consumer would know that all sugar cane-derived sweeteners suitable for human

7

consumption must be at least partially refined. *Pelayo*, 989 F. Supp. 2d at 978 n.4 ("The reasonable consumer is also aware that the ingredients in Buitoni Pastas, such as sugar, wheat, and skim milk, do not come directly from plants, trees, or livestock."). Reasonable consumers do not believe that they are eating straight sugar cane in Vanilla Blueberry Clusters or any other food product because sugar cane in its natural, unprocessed state is indigestible. That is, a reasonable consumer would recognize that "impurities or unwanted material" must be removed from sugar cane before it can be used as an ingredient in Vanilla Blueberry Clusters, and thus, that all sugar cane-derived sweeteners require "refining," as the dictionary defines the term. *See* http://www.merriam-webster.com/dictionary/refine (defining the word "refine" as "to free (as metal, sugar, or oil) from impurities or unwanted material"). Thus, the Court finds that the only reasonable conclusion after reading the entire Vanilla Blueberry Clusters label is that Kind used the word "refined" as a term of art to distinguish partially refined sugars like evaporated cane juice and molasses from fully refined sugars like table sugar.

The Court's conclusion finds support in analogous cases. In *Pelayo*, the district court dismissed the plaintiff's claim that Buitoni Pastas misled consumers by advertising the products as "all natural." *Id.* at 978. In doing so, the court found that "the reasonable consumer is aware that Buitoni Pastas are not 'springing fully-formed from Ravioli trees and Tortellini bushes.'" *Id*. Another court dismissed a suit alleging that the name of Crunchberries cereal deceived consumers into believing that the product contained actual berries. *Sugawara v. Pepsico, Inc.*, No. 208CV01335-MCEJFM, 2009 WL 1439115, at *3 (E.D. Cal. May 21, 2009). The court held that "a reasonable consumer would not be deceived into believing that the Product in the instant case contained a fruit that does not exist." *Id*. Thus, a reasonable consumer would not conclude, as Ibarrola alleges she did, that Vanilla Blueberry Clusters contained "only naturally

8

occurring, unrefined sugars." Doc. 60 ¶ 38. Primarily, because "naturally occurring, unrefined sugars" derived from sugar cane do not exist.

Ibarrola also fails to plausibly allege how her understanding of the term "no refined sugars" corresponds with the contrary information in the ingredient list. The Court must view the allegedly misleading statement in light of the information available to Ibarrola at the time of her purchase. *Bober*, 246 F.3d at 940 ("[E]xamining the statements at issue, together and in the context of the other information available to Zantac users, eliminates any possibility of deception."). Ibarrola states that she read the entire product label before purchasing the Vanilla Blueberry Clusters. In doing so, she learned that the product contained evaporated cane juice and molasses—sweeteners that she alleges are at least partially refined. But Ibarrola concluded that the product contained no sugars that had been even partially refined. Ibarrola fails to explain how she rectified this apparent contradiction when she made her purchases. Courts have dismissed complaints premised on such logical inconsistencies. In *Rooney v. Cumberland Packaging Corp.*, the district court dismissed a complaint against the makers of Sugar in the Raw that was premised on the allegation that the product was actually turbinado sugar, which is not literally "raw" or "unrefined" sugar. No. 12-CV-0033-H DHB, 2012 WL 1512106, at *4 (S.D. Cal. Apr. 16, 2012). The court held that despite the apparent inconsistency between the name of the product and the disclosure that it contained turbinado sugar—which is not "raw sugar"—the plaintiff "was not deceived." *Id*. In *Kane v. Chobani, Inc.*, the district court dismissed plaintiff's claim that Chobani misled consumers into believing that Chobani brand yogurt "contained only natural sugars from milk and fruit and did not contain added sugars or syrups." No. 12-CV-02425-LHK, 2013 WL 5289253, at *6 (N.D. Cal. Sept. 19, 2013). The court held that "[p]laintiffs' allegations that they read the label, were aware that the Yogurts contained

9

[evaporated cane juice], and nevertheless concluded that the Yogurts contained 'only natural sugars from milk and fruit and did not contain added sugars or syrups' is simply not plausible." *Id.* at *7. Although that decision hinged on the issue of reliance, which is not a requirement of an ICFA claim, the Court finds the holding relevant as to the question of deception as well. That is not to say that food producers have carte blanche to make false assertions so long as the nutritional and ingredient information is accurate; rather, the Court finds that to arrive at a reasonable understanding of the claim "no refined sugars," Ibarrola should have considered the other information she encountered on the product's packaging. *Bober*, 246 F.3d at 940 ("[E]xamining the statements at issue, together and in the context of the other information available to Zantac users, eliminates any possibility of deception."). Thus, the Court finds that because Ibarrola has not plausibly alleged that Kind's packages contained any deceptive statements, her fraud claims are dismissed.

## II. Express Warranty

Ibarrola also brings an express warranty claim premised on the same allegation—that Kind falsely affirmed that the Vanilla Blueberry Clusters contained no refined sugars. To obtain monetary damages on an express warranty claim, Ibarrola must demonstrate "by a preponderance of the evidence the terms of the warranty, [a breach or failure of the warranty], a demand upon the defendant to perform under the terms of the warranty, a failure of the defendant to do so, a compliance with the terms of the warranty by the plaintiff, and damages measured by the terms of the warranty." *Hasek v. DaimlerChrysler Corp.*, 745 N.E.2d 627, 638, 319 Ill. App. 3d 780, 253 Ill. Dec. 504 (2001). The demand requirement is included in the Uniform Commercial Code, as adopted in Illinois. It requires that a purchaser-plaintiff "within a

reasonable time after he discovers or should have discovered any breach notify the seller of the breach or be barred from any remedy." 810 Ill. Comp. Stat. Ann. 5/2-607.

Kind contends that the express warranty claim must be dismissed because Ibarrola did not notify Kind of a breach of the warranty within a reasonable time. Ibarrola responds to this argument via a footnote, asserting that the initial complaint constituted sufficient and timely notice. First, the Seventh Circuit "ha[s] often said that a party can waive an argument by presenting it only in an undeveloped footnote." *Harmon v. Gordon*, 712 F.3d 1044, 1053 (7th Cir. 2013). Even if the Court were to find that Ibarrola has not waived her argument regarding notice, the Court would still find that Ibarrola's express warranty claim fails. The FAC alleges that Ibarrola purchased Vanilla Blueberry Clusters on May 5, 2013 and August 19, 2013. Although Ibarrola filed this suit in November of 2013, she did not raise an express warranty claim until she filed the FAC on July 28, 2014. But even if she had raised an express warranty claim in her original complaint, that would not have been sufficient to meet the notice requirement under Illinois law.

The purpose of the notice requirement is to encourage parties to resolve the dispute short of litigation. *Reyes v. Mcdonald's Corp.*, No. 06 C 1604, 2006 WL 3253579, at *3 (N.D. Ill. Nov. 8, 2006) (dismissing a claim for failure to provide pre-litigation notice, stating that a purpose of the notice requirement was to provide adverse parties "an incentive to attempt settlement of breach of warranty claims prior to commencement of a suit"). Parties may be excused from the pre-litigation notice requirement when they allege a physical injury or when the defendant had actual knowledge of the product's defect. *Allstate Ins. Co. v. Daimler Chrysler*, No. 03 C 6107, 2004 WL 442679, at *2 (N.D. Ill. Mar. 9, 2004) (citing *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 590–91, 174 Ill. 2d 482, 221 Ill. Dec. 389 (1996)). In

11

*Connick*, the Illinois Supreme Court held that because the plaintiffs suffered only economic damages stemming from their increased risk of physical injury, dismissal was appropriate in light of plaintiffs' failure to provide pre-litigation notice. *Connick*, 675 N.E.2d at 591. Ibarrola does not allege physical injury as a result of Kind's purported breach; rather, she contends that "she would not have paid such a premium price and/or she would have purchased a less expensive product" if Kind had not breached. Doc. 60 ¶ 5. Nor does Ibarrola allege that Kind had actual knowledge of the breach of the warranty. Thus, because Ibarrola did not satisfy the notice requirement, her express warranty claim is dismissed.

### III. Unjust Enrichment

The Court also dismisses Ibarrola's claim for unjust enrichment. Absent a plausible allegation of deception, the claim for unjust enrichment must fail. *Oshana v. Coca-Cola Co.*, 472 F.3d at 515; *Bober*, 246 F.3d at 943 ("[I]n the absence of any deception on the part of the defendants, the requisite [elements of unjust enrichment are] not present."). Moreover, a claim for unjust enrichment cannot stand on its own in light of the Court's dismissal of Ibarrola's fraud and express warranty claims. *See Martis v. Grinnell Mut. Reins. Co.*, 905 N.E.2d 920, 928, 388 Ill. App. 3d 1017, 329 Ill. Dec. 82 (2009) ("Unjust enrichment is not a separate cause of action that, standing alone, will justify an action for recovery.").

### IV. Dismissal with Prejudice

Finally, the Court must determine whether to dismiss the FAC with prejudice or to grant Ibarrola leave to file a second amended complaint. The Court previously dismissed Ibarrola's fraud and unjust enrichment claims without prejudice. Given the prior dismissal, as well as the facts alleged, the Court finds that Ibarrola's fraud and unjust enrichment claims should be dismissed with prejudice. *See Camasta*, 761 F.3d at 734–35 (affirming dismissal with prejudice

of first amended complaint premised on ICFA after initial complaint was dismissed without prejudice); *Pirelli Armstrong Tire Corp., Retiree Med. Benefits Trust v. Walgreen Co.*, No. 09 C 2046, 2010 WL 624709, at *1 (N.D. Ill. Feb. 18, 2010) (dismissing amended complaint with prejudice after previous dismissal of ICFA and unjust enrichment claims without prejudice), *aff'd*, 631 F.3d 436 (7th Cir. 2011).

Although the express warranty claim was not included in the original complaint and therefore has not been previously dismissed, the Court finds that dismissal with prejudice is appropriate for that claim as well. It is undisputed that Ibarrola failed to provide Kind with pre-litigation notice of its breach. As noted above, the purpose of the notice requirement is to provide an incentive for parties to resolve warranty disputes prior to filing suit. *Reyes*, 2006 WL 3253579, at *3. At this point, it would be impossible for Ibarrola to provide pre-litigation notice of the breach of warranty. *Miller v. Hypoguard USA, Inc.*, No. 05-CV-0186-DRH, 2005 WL 3481542, at *3 (S.D. Ill. Dec. 20, 2005) (dismissing an express warranty claim with prejudice for failing to provide pre-litigation notice). And Ibarrola has not presented the Court with any argument that an exception to the pre-litigation notice requirement applies here. Thus, because the Court finds that it would be futile to allow Ibarrola to amend her express warranty claim, it is dismissed with prejudice.

## CONCLUSION

For the above stated reasons, the motion to dismiss [65] is granted. The First Amended Complaint is dismissed in its entirety with prejudice.

Dated: March 12, 2015

_____
SARA L. ELLIS
United States District Judge

13